**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**WILSON BUITRAGO ORTIZ,**

    *Petitioner*,

**v.**　　　　　　　　　　　　　　　　　　　**Case No. 5:26-CV-2237-JKP**

**BOBBY THOMPSON, et al.,**

    *Respondents*.

## <u>ORDER FOR SERVICE</u>

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) and a Memorandum of Law in Support of a Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5). The Court hereby **DIRECTS** the Clerk of Court to furnish a copy of the Petition, the Memorandum/Motion, and this Order to the Office of the United States Attorney in San Antonio, Texas. Delivery of those same documents by certified mail, return receipt requested, shall constitute sufficient service of process on the Federal Respondents, *see* Fed. R. Civ. P. 4(i), and on all Respondents unless otherwise contested. Service should be directed to

Stephanie Rico, Civil Process Clerk
U.S. Attorney's Office, Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216.

Federal Respondents are **ORDERED** to file a response to the Petition for Writ of Habeas Corpus and the Memorandum/Motion **no later than April 17, 2026**. To the extent not provided by Petitioner, **Respondents shall include** all relevant information and supporting documentation concerning Petitioner's arrival, release (if any), and re-detention (if applicable). Unless otherwise provided by Petitioner, this means that, at a minimum, Respondents shall provide applicable dates and circumstances, including Petitioner's alleged country of birth; alleged date of entry and statutory basis for removability; statutory basis for detention; any prior immigration detention history and/or prior immigration release; and Petitioner's alleged immigration status, e.g., whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture; is subject to a final order of removal; or has had an order of removal cancelled. **Given the allegations of this case, Respondents shall also provide all relevant details and documentation regarding Petitioner's transfer to the South Texas Immigration and Customs**

**Enforcement Processing Center in Pearsall, Texas, from the Dilley Family Detention Center.**

This Order does not restrict Respondents from filing an abbreviated response should they deem such response appropriate considering the detention issues raised. Any such abbreviated response should identify similar cases resolved in the Western District of Texas and indicate that there are no material factual or legal differences between this case and those cases. Such an abbreviated response will preserve the legal arguments previously made by the Federal Respondents in the cases they identify. Petitioner shall have seven days from the date a response is filed to file any reply.

**IT IS FURTHER ORDERED** that any possible or anticipated removal or transfer is **IMMEDIATELY STAYED** until further order from this Court or until this case closes. As this Court has previously explained, it is not staying "removal based on any request by Petitioner," but is instead simply "preserving existing conditions so that it c[an] address the matters raised in the instant habeas petition." *Umanzor Maldonado v. Lyons*, No. 5:26-CV-0112-JKP, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026). This is an exercise of the Court's inherent power and authority to preserve its ability to hear the case

While this stay remains in effect, Respondents shall neither transfer the above-named Petitioner outside the territorial bounds of the Western District of Texas nor remove Petitioner from the United States. Of course, this stay does not preclude Respondents from taking necessary steps to effect Petitioner's removal, it merely stays the physical removal or transfer of Petitioner. It does not preclude Respondents from releasing Petitioner or preclude Petitioner from voluntarily departing should he or she voluntarily agree to do so. A voluntary departure does not qualify as a removal or transfer under the stay entered herein. This is so even if Respondents provide the transportation for the departure and even if they maintain custody of the petitioner until the voluntary departure. If Respondents release Petitioner for any reason, including to effectuate a voluntary departure, they shall file a status report forthwith to notify the Court.

IT IS SO ORDERED this 14th day of April 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

2